UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                              :
**DERRICK TIES,**
                                              :
            Petitioner,                         **OPINION AND ORDER**
                                              :
   - against -                               04 Civ. 9691 (SAS)
                                              :
**MICHAEL MCGINNIS,**
                                              :
            Respondent.
------------------------------------------------------------X

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

## I.    INTRODUCTION

      Derek Ties, proceeding pro se, is a state prisoner in the Attica Correctional Facility. Ties seeks a writ of habeas corpus pursuant to section 2254 of Title 28 of the United States Code ("section 2254"). Ties asserts that (1) his second degree robbery conviction should be vacated and reduced to petit larceny because it was against the weight of the evidence,[1] (2) his eleven year sentence "was harsh and excessive and should be reduced in the interest of justice,"[2] and (3) the evidence was legally insufficient to support the jury's verdict.[3] For the reasons

---

[1] Petitioner's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("Petition") at 6, 15.

[2] *Id.* ¶ 12.

[3] Ties asserted this new claim in his Traverse in Opposition to Respondent's Answer, filed in response to Respondent's Memorandum of Law in Opposition to

that follow, Ties' petition for a writ of habeas corpus is denied.

## II. BACKGROUND

### A. Pre-Trial Proceedings and Trial

Ties was indicted on March 23, 2001, in connection with a robbery that occurred at a Duane Reade drugstore in Manhattan on March 9, 2001.[4] The indictment charged Ties and two co-defendants with one count each of robbery in the second degree (aided), grand larceny in the fourth degree, criminal possession of stolen property in the fourth degree, possession of burglar's tools, and criminal possession of an anti-security item.[5] Ties moved to suppress both physical evidence and identification testimony.[6] On July 26, 2001, after a hearing, the court denied Ties' motion to suppress physical evidence but granted his motion to suppress identification testimony.[7]

---

Petition for a Writ of Habeas Corpus. *See* Traverse in Opposition to Respondent's Answer at 2.

[4] *See* Appellant's Appellate Division Brief ("Appellant's Brief") at 3; Respondent's Appellate Division Brief ("Respondent's Brief") at 2.

[5] *See* Respondent's Brief at 2.

[6] *See id.*

[7] *See id.*

Ties and his two co-defendants were jointly tried.[8] At trial, two Duane Reade cashiers and Edwin Perez, the store manager, testified for the People.[9] Following the testimony of the People's witnesses, all three defendants moved to dismiss the second-degree robbery count on the ground that the People had not made a prima facie showing that force had been used to take or retain property.[10] Defendants also moved to dismiss the charges of grand larceny in the fourth degree, criminal possession of stolen property in the fourth degree, and criminal possession of burglar's tools.[11] The court denied all of these motions.[12] After the People rested, defendants rested without testifying or calling any witnesses.[13] Defendants then moved to dismiss all counts of the indictment on the ground that the People had not established guilt beyond a reasonable doubt.[14] The court denied that motion.[15]

---

[8] *See* Appellant's Brief at 3.

[9] *See id.* at 4-6.

[10] *See id.* at 13.

[11] *See id.*

[12] *See id.*

[13] *See id.*

[14] *See id.*

[15] *See id.*

3

After two days of deliberations, the jury convicted Ties of second-degree robbery.[16] On September 25, 2001, Ties, a second-time violent felony offender, was sentenced to a determinate term of eleven years in custody.[17]

### B. Post-Trial Proceedings

On appeal, Ties filed a brief in the Appellate Division, First Department, in which he claimed that: (1) his "second-degree robbery conviction should be reversed as against the weight of the evidence where the only force which could be imputed to [him] resulted from an altercation which erupted when [he] tried to free himself from [Perez's] grasp, and not because [he] was trying to prevent [Perez's] resistance to the taking of the property"[18] and (2) "[his] sentence . . . was harsh and excessive and should be reduced in the interest of justice."[19] On October 23, 2003, the Appellate Division, First Department, affirmed the lower court's judgment and held that "[t]he verdict was based on legally sufficient evidence and was not against

---

[16] *See id.* at 15. The court did not submit the criminal possession of an anti-security item charge to the jury, and the court instructed the jury not to deliberate on the other counts if they found defendant guilty of second-degree robbery. *See* Respondent's Brief at 3 n.1.

[17] *See* Appellant's Brief at 16.

[18] *Id.* at 17.

[19] *Id.* at 27.

4

the weight of the evidence."[20] The court explained that "[e]vidence apparently credited by the jury established [Ties'] use of force for the purpose of retaining the merchandise that he and his companions had shoplifted."[21] The Appellate Division also concluded that there was "no basis for reducing the sentence."[22] On November 24, 2003, petitioner requested leave to appeal to the New York Court of Appeals, and on January 12, 2004, Judge Victoria A. Graffeo denied Ties' leave application.[23] On October 18, 2004, Ties timely filed a pro se petition for a writ of habeas corpus.[24]

### III. LEGAL STANDARD

This petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). AEDPA permits a federal court to grant a writ of habeas corpus to a state prisoner only if the state court's denial of relief "was contrary to, or involved an unreasonable application of, clearly established Federal

---

[20] *People v. Ties*, 765 N.Y.S.2d 632 (1st Dep't 2003).

[21] *Id.*

[22] *Id.*

[23] *See People v. Ties*, 1 N.Y.3d 602 (2004).

[24] *See* Petition at 1.

5

law, as determined by the Supreme Court of the United States."[25]

As explained by the Supreme Court in *Williams v. Taylor*, a state court decision is "contrary to" clearly established federal law if: (1) the state court reaches a different result than that mandated by the Supreme Court when presented with facts that are "materially indistinguishable from a relevant Supreme Court precedent;" or (2) the state court "applies a rule that contradicts the governing law set forth in Supreme Court cases."[26] The "unreasonable application" prong of section 2254(d)(1) permits a federal habeas court to grant the writ,

> if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of petitioner's case. In other words, a federal court may grant relief when a state court has misapplied a governing legal principle to a set of facts different from those of the case in which the principle was announced. In order for a federal court to find a state court's application of our precedent unreasonable, the state court's decision must have been more than incorrect or erroneous. The state court's application must have been objectively unreasonable.[27]

---

[25] 28 U.S.C. § 2254(d)(1) (2005).

[26] 529 U.S. 362, 404-05 (2000).

[27] *Wiggins v. Smith*, 539 U.S. 510, 520-21 (2003) (quotation marks and citations omitted).

6

## IV. DISCUSSION[28]

### A. Weight of the Evidence

"A federal habeas court cannot address 'weight of the evidence' claims."[29] Weight of the evidence is a state law claim.[30] Thus, in making a weight of the evidence claim, Ties does not state a federal claim as required by 28 U.S.C. § 2254(a). Because habeas review is not available for errors of state law, Ties' claim that the verdict was against the weight of the evidence must be dismissed.[31]

### B. Excessive Sentence

Under the Eighth Amendment, "'a criminal sentence must be proportionate to the crime for which the defendant has been convicted.'"[32] The Supreme Court "has found this principle to be violated only in extreme

---

[28] I have addressed all of Petitioner's claims, even though Petitioner appears to have abandoned the weight of the evidence and excessive sentence claims. *See* Petitioner's Memorandum of Law ¶17.

[29] *Douglas v. Portuondo*, 232 F. Supp. 2d 106, 116 (S.D.N.Y. 2002).

[30] *See id.*

[31] *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."); *Douglas*, 232 F. Supp. 2d at 116.

[32] *United States v. Ortiz*, 742 F.2d 712, 714 (2d Cir. 1984) (quoting *Solem v. Helm*, 463 U.S. 277, 290 (1983)).

7

circumstances."[33] Moreover, substantial deference is given to the decisions of a sentencing court, which has "'broad discretion to mete out penalties at or below the statutory maximum.'"[34] Thus, "[w]hen a defendant's sentence falls within the statutory range, it will not be set aside on appeal absent extraordinary circumstances."[35] Ties' eleven year sentence falls within the seven to fifteen year range prescribed by state law,[36] and there are no "extraordinary circumstances."

Moreover, state court sentencing decisions are not ordinarily subject to federal review.[37] A petitioner seeking to challenge a sentence within the statutory limits must show that the state court's sentencing decision was "'wholly devoid of discretion or amounted to an arbitrary or capricious abuse of discretion, or that an error of law resulted in the improper exercise of the sentencer's discretion and

---

[33] *United States v. Jackson*, 856 F. Supp. 176, 178 (S.D.N.Y. 1994) (citing *Solem*, 463 U.S. 277 (life sentence without the possibility of parole for a seventh nonviolent felony violated the Eighth Amendment)), *aff'd*, 59 F.3d 1421 (2d Cir. 1995).

[34] *United States v. Persico*, 853 F.2d 134, 138 (2d Cir. 1988) (quoting *United States v. Bonnet*, 769 F.2d 68, 71 (2d Cir. 1985)).

[35] *United States v. DiTommaso*, 817 F.2d 201, 217 (2d Cir. 1987).

[36] *See* N.Y. Penal Law §§ 160.10; 70.04 (3)(b).

[37] *See Campo v. Greiner*, No. 97 Civ. 2984, 1998 WL 748318, at *1 (S.D.N.Y. Oct. 20, 1998).

thereby deprived the petitioner of his liberty.'"[38] Ties presents no reasonable argument that his sentence was disproportionate to the crime for which he was convicted. Nor does he offer any convincing arguments that the decision of the sentencing judge amounted to an arbitrary and capricious abuse of discretion so grossly erroneous as to wrongly deprive him of his liberty. Accordingly, Ties' second claim is dismissed.

### C. Insufficiency of the Evidence

On direct appeal, Ties failed to raise a legal sufficiency claim, and he did not seek leave to appeal to the Court of Appeals on this ground. Petitioner's claim is therefore unexhausted. Because Ties now has no further available remedies in state court, the claim is deemed to be exhausted but is procedurally barred. Further, as Ties has demonstrated neither (a) "cause" for his procedural default and "prejudice" resulting therefrom, nor (b) that a "fundamental miscarriage of justice" would result from this Court's refusal to consider the claim, he cannot overcome the procedural bar.[39] Accordingly, his insufficiency of the evidence claim can be dismissed on that basis.

---

[38] *Mitchell v. Herbert*, No. 97 Civ. 5128, 1998 WL 186766, at *7 (S.D.N.Y. Apr. 20, 1998) (quoting *Jones v. Hollins*, 884 F. Supp. 758, 761-62 (W.D.N.Y. 1995), *aff'd*, 89 F.3d 826 (2d Cir. 1995)).

[39] *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

However, even if the court were to reach the merits of Ties' legal insufficiency claim, he would not prevail on that claim. A federal habeas court must consider whether there was sufficient evidence to justify a trier of fact finding a defendant guilty beyond a reasonable doubt.[40] The relevant inquiry is whether, "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential element of the crime beyond a reasonable doubt."[41] In making this assessment, a court must defer to the jury's determination regarding conflicting evidence, the weight given to such evidence, the credibility accorded to the testimony of witnesses, and the inferences drawn from the evidence.[42] Thus, the pertinent "inquiry does not focus on whether the trier of fact made the correct guilty or innocence determination, but rather whether it made a *rational* decision to convict or acquit."[43]

A review of the evidence taken in the light most favorable to the prosecution reveals that a rational trier of fact could have found Ties guilty of robbery in the second degree. The store surveillance tape shows Perez confronting

---

[40] *See Jackson v. Virginia*, 443 U.S. 307, 313-20 (1979).

[41] *Id.* at 319 (citing *Johnson v. Louisiana*, 406 U.S. 356, 362 (1972)).

[42] *See Mallette v. Scully*, 752 F.2d 26, 31 (2d Cir. 1984).

[43] *Herrera v. Collins*, 506 U.S. 390, 402 (1993) (emphasis in original).

the defendants, a co-defendant punching Perez, and Ties struggling with Perez.[44] The video also shows Ties tossing a bag of stolen merchandise to his co-defendant.[45] Testimony from Perez, the cashiers, and a police officer described the altercation between Ties and Perez.[46] Perez and one of the cashiers testified that Ties punched Perez repeatedly.[47] Based on this evidence a reasonable trier of fact could have concluded that Ties acted in concert with his co-defendants to commit robbery and used force to steal and retain property, therefore committing robbery in the second degree.[48]

## V. CONCLUSION

For the reasons set forth above, Ties' petition for a writ of habeas corpus is denied. Because Ties' claims were legally insufficient, his motions for appointment of counsel and for an evidentiary hearing are denied. Finally, there is the question of whether to grant a certificate of appealability. For a certificate of appealability to issue, petitioner must make a "substantial showing of the denial of a

---

[44] *See* Respondent's Brief at 5-6.

[45] *See id.* at 6.

[46] *See id.* at 5-6; Appellant's Brief at 4-7, 11.

[47] *See* Respondent's Brief at 6.

[48] *See* N.Y. Penal Law § 160.10.

11

constitutional right."[49] A "substantial showing" does not require a petitioner to demonstrate that he would prevail on the merits, but merely "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"[50] Petitioner has made no such showing in this case. Accordingly, this Court denies a certificate of appealability. The Clerk of the Court is directed to close these motions (Docket Nos. 1 &10) and this case.

---

[49] 28 U.S.C. § 2253(c)(2).

[50] *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). *Accord Middleton v. Attorneys General of the States of New York and Pennsylvania*, 396 F.3d 207, 209 (2d Cir. 2005) (per curiam).

SO ORDERED:

/s/ Shira A. Scheindlin
Shira A. Scheindlin
U.S.D.J.

Dated: New York, New York
October 27, 2005

# -Appearances-

**Petitioner (Pro Se):**

Derrick Ties
# 01-A-5391
Attica Correctional Facility
Box 149
Attica, New York 14011-0149

**For Respondent:**

Kimberly Morgan
Assistant Attorney General
120 Broadway
New York, New York 10271
(212) 416-6037